UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------x
CHANITA MASSENBERG-MEDINA,

                                   Plaintiff,

                        v.

WALTER HICKS, CELADON TRUCKING
SERVICE, INC., A&S SERVICES GROUP,
LLC, ABC CORPORATIONS 2-5 (name being
fictitious),

                               Defendants.
-----------------------------------------------------------------x

**Docket No.:**

**NOTICE OF REMOVAL**

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF NEW JERSEY**

      Defendants, WALTER HICKS and A&S SERVICES GROUP, LLC, hereby removes this action from the Superior Court of the State of New Jersey, Essex County, to the United States District Court for the District of New Jersey.

      1.     A civil action has been brought against Petitioners in the Superior Court of the State of New Jersey, Essex County, which is entitled <u>Chanita Massenberg-Medina v. Walter Hicks, Celadon Trucking Service, Inc., A&S Services Group, LLC and ABC Corporations 2-5 (name being fictitious)</u> under Docket Number ESX-L-3903-21.  Copies of the Amended Complaint and Second Amended Complaint are annexed hereto as Exhibit **"A"**.  Defendant WALTER HICKS answered the Amended Complaint on August 23, 2021.  A copy of the Answer is annexed hereto as Exhibit **"B"**.

      2.     The above described action is one in which the Court has original jurisdiction under the provisions of 28 U.S.C. §1332, and is one which may be removed to this Court by Petitioner herein pursuant to the provisions of 28 U.S.C. §1332(a)(2) and (c)(1) and 28 U.S.C. §1441, in that it is a civil action between an individual who is a citizen

and resident of one state and an individual who is a citizen and resident of a foreign state and a corporation which is incorporated and has its principal place of business in a foreign state.  Upon information and belief, the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

3.      Upon information and belief, at the time of the commencement of this action and at the filing of this Notice of Removal:

(a) Plaintiff Chanita Massenberg-Medina is a citizen and resident of the state of New Jersey;

(b) Defendant Walter Hicks is a natural person who is a citizen and resident of the state of Pennsylvania, whose address is 1625 Detters Mill Rd., Dover, PA 17315;

(c) Defendant, A&S Services Group LLC, is a limited liability company existing under the laws of Delaware, and is a citizen of the State of Pennsylvania, with its principal place of business located at 310 N Zarfoss Dr York, PA, 17404-5832.

4.      Plaintiff seeks money damages for alleged negligence for personal injuries allegedly resulting from a motor vehicle accident that allegedly took place on or about January 15, 2020 at or near Springfield Avenue and its intersection with Harrison Place in Irvington, Essex County, New Jersey. It is alleged that defendant WALTER HICKS was operating a vehicle owned by defendant A&S SERVICES GROUP, LLC which made impact with a vehicle owned and operated by the plaintiff.

5.      It is alleged in the Amended Complaint and Second Amended Complaint that plaintiff sustained "severe, grievous and permanent injuries". The Amended Complaint and Second Amended Complaint employed boilerplate language to aset the extent of plaintiff's injuries and did not contain an *ad damnum* clause specifying the amount of damages sought.

6.      Defendants served a Request for a Statement of Damages pursuant to New Jersey Court R. 4:5-2 along with their Answer to the Amended Complaint on August 23, 2021. See Exhibit **"B"**.

7.      On January 5, 2022 plaintiff served her Statement of Damages, in which plaintiff issued a formal demand of $500,000.  A copy of plaintiff's Statement of Damages is annexed hereto as Exhibit **"C"**.

8.      Plaintiff's claims therefore exceed the $75,000.00 monetary threshold for diversity jurisdiction.

9.      28 U.S.C. § 1446(b) provides that "[i]f the case as stated by the initial pleadings is not removable", the 30-day period for seeking removal only begins when the defendants receive "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Entrekin v. Fisher Scientific, Inc.*, 146 F. Supp. 2d 594 (D.N.J., June 11, 2001); *DeMarco v. MGM Transport, Inc.*, 2006 WL 463504 (E.D.N.Y., February 24, 2006), at *2 (citing *Setlock v. Renwick*, 2004 WL 1574663 (W.D.N.Y. May 21, 2004), at *2).

10.     Courts have held that this section of 28 U.S.C. § 1446(b) requires a writing to trigger its thirty-day deadline for removal. *Entrekin*, 146 F. Supp. 2d at 612. The *Entrekin* court further held that in order for a document to trigger the commencement of the time period under the second paragraph of 28 U.S.C. § 1446(b), the document must clearly indicate that the amount in controversy exceeds $ 75,000.00, by, for instance, stating that the plaintiff seeks over $75,000.00 in damages. Id. at 617. Thus, plaintiff's counsel's January 5, 2022 Statement of Damages setting forth a formal demand of

$500,000 constitutes an "other paper from which it may first be ascertained that the case is one which is or has become removable."

11.     A defendant does not have a duty to investigate whether a case is removable. See <u>Chapman v. Powermatic, Inc.</u>, 969 F.2d 160, 163 (5th Cir. 1992). Thus, if the case stated by the initial pleading is not clearly removable the defendant may wait until an "other paper" makes clear that the case is removable. <u>Id</u>.

12.     This notice of removal is therefore timely, since it is being filed within 30 days of receipt of plaintiff's Statement of Damages Claimed pursuant to New Jersey Court R. 4:5-2, and no earlier notification of the amount in controversy was received by defendants.  Furthermore, this matter was commenced in State Court less than one year ago and as such may properly be removed. 28 U.S.C. § 1446(b).

13.     Defendants have annexed hereto a copy of all process pleadings, and orders served upon defendants in the state court action, pursuant to 28 U.S.C. § 1446(a).

14.     The defendants will promptly file a copy of this Notice in the Superior Court of the State of New Jersey, County of Essex and will serve a copy of same on the plaintiff's counsel in accordance with 28 U.S.C. §1446(d).

**WHEREFORE**, Defendants, WALTER HICKS and A&S SERVICES GROUP, LLC, respectfully request that the action pending against it in the Superior Court of the State of New Jersey, Essex County, be removed therefrom to this Court.

Dated:        February 1, 2022

STRONGIN ROTHMAN & ABRAMS, LLP
Attorneys for Defendants
WALTER HICKS and
A&S SERVICE GROUP, LLC
70 South Orange Avenue, Suite 215
Livingston, NJ 07039

*s/David Abrams*

_____
DAVID ABRAMS, ESQ. (4758)

TO:

LAW OFFICES OF ANTHONY L. COVIELLO, LLC
307 Montgomery Street
Bloomfield, NJ 07003
(973) 748-4600
Attorneys for Plaintiff
File No.: 201921